**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

September 27, 2021

LETTER TO COUNSEL

RE:     *Sara H. v. Commissioner, Social Security Administration*
        Civil No. SAG-20-3358

Dear Counsel:

On November 18, 2020, Plaintiff Sara H. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income.  ECF No. 1.  I have considered the parties' cross-motions for summary judgment.  ECF Nos. 15, 16.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Plaintiff filed her claims for benefits on March 9, 2018, alleging a disability onset date of September 17, 2017.  Tr. 237, 241.  Her claims were denied initially and on reconsideration.  Tr. 109-120.  A hearing was held on January 17, 2020, before an Administrative Law Judge ("ALJ").  Tr. 38-67.  Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 7-27.  The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.TR. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, schizophrenia, chronic depression, anxiety, post-traumatic stress disorder (PTSD), dissociative disorder, and attention-deficit/hyperactivity disorder (ADHD)."  Tr. 12.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

perform a full range or work at all exertional levels but with the following nonexertional limitations: the claimant is able to understand and remember simple, routine instructions and carry out repetitive tasks.  She is able to make routine, work-related decisions.  She is able to deal with minor, or few, changes in a routine work setting.  She is able to have occasional, non-collaborative interaction with co-

*Sara H. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3358
September 27, 2021
Page 2

>  workers. She is able to have occasional contact with the general public. She should
>  avoid work on an assembly line or work requiring a strict production rate pace.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a fast food worker, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 20-21. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 21.

Plaintiff's sole argument on appeal is that the ALJ failed to include sufficient limitations in her RFC assessment "to address [Plaintiff's] concentration issues that result in time off task, as well as [Plaintiff's] mental issues causing her to be a distraction to co-workers."[1] ECF No. 15-1 at 10-11. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3 (July 2, 1996). In making the assessment, the ALJ determines "the capacity [an individual] possesses despite the limitations caused by impairments." *Britt v. Saul*, No. 19-2177, 2021 WL 2181704, at *5 (4th Cir. May 28, 2021) (citing 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). The Fourth Circuit "ha[s] rejected a per se rule requiring remand when the [ALJ] does not perform an explicit function-by-function analysis." *Id.* (citation omitted). Rather, "[m]eaningful review is frustrated—and remand necessary—only where '[the Court] [is] unable to fathom the [ ] rationale in relation to evidence in the record." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Further, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). Indeed, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Here, the ALJ determined that Plaintiff had a moderate limitation in each of the four functional areas: (1) understanding, remembering or applying information, (2) interacting with

---

[1] Plaintiff also argues that the ALJ failed to provide the VE with a sufficient hypothetical. ECF No. 15-1 at 9. Specifically, Plaintiff contends that the ALJ's failure to include additional limitations in the hypothetical to the VE rendered the VE's opinion deficient. However, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a plaintiff's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Indeed, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). In this case, as noted above, the ALJ provided substantial evidence to support his conclusion that Plaintiff's condition did not warrant additional restrictions in the RFC assessment. Therefore, the ALJ was under no obligation to include additional limitations in his hypothetical to the VE.

*Sara H. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3358
September 27, 2021
Page 3

others, (3) concentrating, persisting or maintaining pace, and (4) adapting or managing oneself. Tr. at 13-14.  The ALJ explained that the nonexertional limitations in Plaintiff's RFC addressed these moderate limitations.  Tr. at 19.  The ALJ further noted that Plaintiff's medical records indicated that Plaintiff's three hospitalizations occurred after medication noncompliance and/or the end of a relationship.  *Id.*  Additionally, Plaintiff's treating doctor, Angela Brantley, M.D., found Plaintiff to have moderate symptoms of impaired judgment and limited insight, but otherwise normal symptoms and a Global Assessment of Functioning (GAF) score of 55, which indicates moderate symptoms.  Tr. at 20.  The ALJ therefore determined that "while [Plaintiff] has some limitations . . . the evidence supports a finding that she can perform work within the limitations of the above [RFC]."  *Id.*

Plaintiff argues that her RFC should include an "off task" limitation to address her concentration issues, citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).  ECF No. 15-1 at 10. However, this case is distinguishable from *Mascio*, because the ALJ included an RFC provision limiting Plaintiff to no "work on an assembly line or work requiring a strict production rate pace." Tr. at 15.  In two recent cases, *Thomas v. Berryhill*, and *Perry v. Berryhill*, the Fourth Circuit has remanded cases in which the ALJ used phrases in the RFC similar to work not at a "production-rate pace," without providing further explanation or definition of that phrase. *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that ALJ's failure to define "production rate or demand pace" frustrated appellate review); *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) (remanding for ALJ's failure to define "non-production oriented work setting").  Here, however, the ALJ provided a clear explanation of the "production-rate pace" limitation. Use of the word "strict" indicates concern about the rigidity of the occupations' production pace requirements—whatever those may be.  Considering the ALJ's explanation, the RFC adequately accounted for Plaintiff's limitation in concentrating, persisting or maintaining pace.

Plaintiff also maintains that the ALJ failed to include a limitation in her RFC to address the fact that she would be a distraction to coworkers.  ECF No. 15-1 at 11.  Dr. Brantley and state agency psychological consultant James G. Brown, Ph.D. opine that Plaintiff would distract her co-workers.  Tr. at 91-92, 765.  Dr. Brown, however, found that Plaintiff had "[n]o mental impairment that prevents working a full time . . . job," despite the fact that Plaintiff had a moderate limitation in getting along with coworkers.  Tr. at 92.  The ALJ also found Dr. Brantley's medical source statements to be "of limited persuasiveness" because "Dr. Brantley's opinion of marked limitations is not supported by or consistent with her treating records."  Tr. at 19.  Furthermore, the RFC expressly addresses Plaintiff's limitation by restricting her to only "occasional, non-collaborative interaction with co-workers."  Tr. at 15.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *See Hays*, 907 F.2d at 1456.  Here, the ALJ provided substantial evidence to support his conclusion that Plaintiff's limitations were appropriately addressed in the RFC assessment.  Remand on this basis is therefore unwarranted.

*Sara H. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3358
September 27, 2021
Page 4


For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED, and Defendant's Motion for Summary Judgment, ECF 16, is GRANTED.  The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge